**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GERALD SMITH, a/k/a | : | MOTION TO VACATE |
| Jason Thomas, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL NO. 1:03-CR-088 |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:06-CV-3151-JOF |
|     Respondent. | : | |

## OPINION AND ORDER

The matter is currently before the Court on Movant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [Doc. 67].

I.  Procedural History

On February 12, 2003, Petitioner was indicted on three counts by a federal grand jury in this Court:  (1) unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g); (2) possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D); and (3) possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) [Doc. 1].  He pleaded not guilty to all counts on July 23, 2004 [Doc. 9].

On August 5, 2004, Movant's counsel filed a motion to suppress evidence [Doc. 12].  Following an evidentiary hearing on September 22, 2004, Movant's

counsel withdrew the motion to suppress on October 15, 2004 [Doc. 18].  On November 4, 2004, Movant's counsel filed another motion to suppress evidence [Doc. 24] and a motion in limine to exclude Rule 404(b) evidence [Doc. 25], which were decided by the Court in a pretrial conference prior to commencement of the jury trial[1]  [Docs. 36, 38].  Also on November 4, 2004, the Government filed an information establishing prior conviction for the purpose of increased punishment [Doc. 26].

Following a jury trial commencing on November 15, 2004, Movant was convicted of all three counts, and was sentenced to a concurrent sixty months' imprisonment on each of the first two counts, sixty months on the third count to be served consecutively to the first two counts, four years of supervised release, and a $300.00 special assessment [Docs. 44, 50].  Through counsel, Movant filed a notice of appeal to the Eleventh Circuit Court of Appeals on May 10, 2005 [Doc. 51].  On appeal, Movant raised the following claims:  (1) the district court erred in allowing a Government witness to invoke his privilege against self-incrimination and in striking his entire testimony; and (2) the district court erred

---

[1] The motion in limine was denied as moot, and, following an evidentiary hearing, Movant's counsel withdrew the remaining motion [Docs. 36, 38, Trial Transcript, Vol. I at 23-41].

AO 72A
(Rev.8/8
2)

in denying Movant's motion for judgment of acquittal on the third count because the evidence was insufficient to convict Movant of using and carrying a firearm during and in relation to a drug-trafficking crime.  United States v. Smith, 157 F. App'x 215 (11th Cir. 2005), cert. denied __ U.S. __, 126 S. Ct. 2368 (June 5, 2006).  [Doc. 66].  The Eleventh Circuit affirmed Movant's convictions and sentences on December 6, 2005, and the judgment of the Eleventh Circuit was issued as mandate on February 1, 2006.  Id.

On December 29, 2006, Movant filed the instant pro se § 2255 motion to vacate.  Movant raises the following issues herein:

(1)     this Court lacked jurisdiction to enhance Movant's sentence under the recidivist provision of 21 U.S.C. § 841(b)(1)(D) because the Government and the Court failed to comply with the jurisdictional mandate of 21 U.S.C. § 851(a)(1) and (b);

(2)     Movant's federal convictions and sentences cannot constitutionally and jurisdictionally stand because the Government lacked prosecutorial subject matter jurisdiction;

(3)     the attorney for the Government and this Court violated the Speedy Trial Act pursuant to 18 U.S.C. § 3161(b) and (c)(1) when Movant was not timely brought to trial within the meaning of the statute;

(4)     Movant's two convictions and sentences involving the same firearm violate the Double Jeopardy Clause of the United States Constitution;

3

AO 72A
(Rev.8/8
2)

(5)     Movant is actually innocent of committing a crime on federal land and property for the establishment of a crime against the laws of the United States; and

(6)     Movant was constructively denied effective assistance of counsel at every critical stage of the proceeding when counsel failed to argue each and every asserted ground set forth herein.

[Doc. 67].

II.  Discussion

A.     Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences.  United States v. Jordan, 915 F.2d 622, 625 (11th Cir. 1990).  Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds:  "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack."  Hill v. United States, 368 U.S. 424, 426-27 (1962); see generally United States v. Hayman, 342 U.S. 205 (1952).

4

AO 72A
(Rev.8/8
2)

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982).  Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."  Bowen v. Johnston, 306 U.S. 19, 27 (1939).

Generally, an available challenge to a federal criminal conviction or sentence must be advanced on direct appeal, or the claim will be considered procedurally defaulted in a § 2255 proceeding.  Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994).  A claim is "usually 'available' on direct appeal when its merits can be reviewed without further factual development."  Id.  Absent a showing that the claim was unavailable, this Court may not consider a procedurally defaulted claim in a § 2255 motion unless the movant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error.  Frady, 456 U.S. at 167-68; Mills, 36 F.3d at 1055.  Alternatively, he may overcome a procedural bar if he can show a fundamental miscarriage of justice; i.e., that he was actually innocent.  Murray v. Carrier, 477 U.S. 478, 496 (1986); Mills, 36 F.3d at 1055.

AO 72A
(Rev.8/8
2)

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see Long v. United States, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record in this case conclusively show that he is entitled to no relief in connection with his claims. Thus, no evidentiary hearing is required.

> B.   Movant is Procedurally Barred from Raising Grounds One Through Four.

In Grounds One through Four, Movant claims that: (1) this Court lacked jurisdiction to enhance his sentence; (2) the Government lacked federal subject matter jurisdiction to prosecute him; (3) his trial was not timely under the Speedy Trial Act; and (4) both convictions and sentences involving the same firearm violate the Double Jeopardy Clause. As set forth above, Movant did not raise any of these claims on direct appeal. Thus, these claims are procedurally defaulted unless Movant can demonstrate cause for the default and that he suffered actual prejudice, or that he is actually innocent.

Movant claims in Ground Five that he is actually innocent of the crimes for which he was convicted. In Ground Six, Movant claims that his counsel was

AO 72A
(Rev.8/8
2)

ineffective for failing to raise all of the claims he raises herein.  As discussed further herein, neither of these claims have merit, and, therefore, he has failed to demonstrate cause for the procedural default of his remaining claims.

1.    Movant Has Not Demonstrated Actual Innocence.

Movant first claims that he is actually innocent because he did not commit a crime on federal land; therefore, he did not commit a crime against the United States.  In order to establish "actual innocence," a petitioner must present "new reliable evidence that was not presented at trial" and show "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  Schlup v. Delo, 513 U.S. 298, 327-28 (1995); Arthur v. Allen, 452 F.3d 1234, 1245 (11th Cir.), modified on reh'g, 459 F.3d 1310 (11th Cir. 2006), cert. denied, __ U.S. __, 127 S. Ct. 2033 (Apr. 16, 2007).  Examples of evidence which may establish factual innocence include credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory scientific evidence.  See Schlup, 513 U.S. at 324; Sawyer v. Whitley, 505 U.S. 333, 340 (1992).  A showing of factual innocence and not mere legal insufficiency is what is required.  Bousley v. United States, 523 U.S. 614, 623 (1998); see also Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (stating that the miscarriage of

justice exception concerns "actual" innocence rather than "legal" innocence); accord High v. Head, 209 F.3d 1257, 1270 (11th Cir. 2000).

Instead of presenting any new, reliable evidence that would demonstrate his factual innocence, Movant merely relies on his legal argument that the Government did not have federal subject matter jurisdiction because he did not commit any of the acts on federal property.[2]  Thus, Movant has not demonstrated that he is actually innocent so as to overcome the procedural default of his remaining claims.

2.    Movant's Counsel was Not Constitutionally Ineffective.

Movant also appears to argue as cause for the procedural default of his claims that counsel was ineffective for failing to raise them throughout the proceedings.  The standard for evaluating ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668 (1984).  The analysis is two-pronged, and the court may "dispose of ineffectiveness claims on either of its two grounds."  Atkins v. Singletary, 965 F. 2d 952, 959 (11th Cir. 1992); see Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

---

[2] This argument will be analyzed further in Section II.B.2.b., infra.

8

Movant must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.  The court must be "highly deferential," and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]"  Id. at 689.  Furthermore, a strategic decision will amount to ineffective assistance "'only if it was so patently unreasonable that no competent attorney would have chosen it.'"  Kelly v. United States, 820 F.2d 1173, 1176 (11th Cir. 1987) (citations omitted).

To meet the second prong, Movant must also demonstrate that counsel's unreasonable acts or omissions prejudiced him.  See Strickland, 466 U.S. at 694.  That is, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.

Ineffective assistance of counsel on appeal claims are also reviewed under the standards of Strickland v. Washington, supra.  Smith v. Robbins, 528 U.S. 259, 285 (2000).  To succeed on a claim of ineffective assistance of appellate counsel, as on a claim of ineffective assistance of trial counsel, a movant must overcome "a

9

AO 72A
(Rev.8/8
2)

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689.

The courts recognize that trained counsel has a superior ability in the "examination into the record, research of the law, and marshalling of arguments on [the appellant's] behalf." <u>Douglas v. People of State of Cal.</u>, 372 U.S. 353, 358 (1963). Consequently, counsel is not required to raise even "nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983). Plainly, the hallmark of effective appellate advocacy is "'winnowing out weaker arguments on appeal' and focusing on those more likely to prevail . . . ." <u>Smith v. Murray</u>, 477 U.S. 527, 536 (1986) (citations omitted).

a.   <u>Ground One</u>

Movant claims in Ground One that this Court lacked jurisdiction to enhance his sentence pursuant to 21 U.S.C. § 841(b)(1)(D) because: (1) the Government did not timely file a notice of sentence enhancement; and (2) the Court did not

AO 72A
(Rev.8/8
2)

request Movant to affirm or deny his previous convictions, both of which are required by 21 U.S.C. § 851.[3]  Movant's claim is simply without merit.

First, 21 U.S.C. § 851 allows the Court to enhance a sentence pursuant to 21 U.S.C. § 841(b)(1)(D) so long as the Government files an information before trial which contains the previous convictions upon which the Government will rely. See 21 U.S.C. § 851(a)(1).  The Government filed its information in this case on November 4, 2004, eleven days before Movant's trial began  [Doc. 26].  Thus, contrary to Movant's claim, the information was timely filed before trial. Compare United States v. Barrow, 448 F.3d 37, 42 (1st Cir.) (holding fact that information containing previous convictions was filed the day before the trial and served the following morning before trial began complied with "before trial" requirement), cert. denied, ___ U.S. ___, 127 S. Ct. 176 (Oct. 2, 2006).  Accordingly, Movant has not demonstrated that counsel was ineffective – i.e., that counsel's failure to

_____

[3] 21 U.S.C. § 841(b)(1)(D) provides, in relevant part, that if a person is convicted of possession with the intent to distribute less than fifty grams of marijuana after having previously been convicted of a felony drug conviction, that person shall be sentenced to a term of imprisonment of not more than ten years. 21 U.S.C. § 851(a) requires that no person shall be sentenced to increased punishment by reason of one or more prior convictions unless before trial the United States Attorney files an information with the court stating in writing the previous convictions relied upon.  21 U.S.C. § 851(b) requires the court to inquire of the defendant as to whether he affirms or denies the previous conviction.

AO 72A
(Rev.8/8
2)

challenge the information as untimely was "outside the wide range of professionally competent assistance" or that there is a reasonable probability that had counsel raised this issue the outcome would have been different.

Additionally, while the Court did not specifically ask whether Movant affirmed or denied the convictions used to enhance his sentence, his counsel admitted to Movant's previous drug convictions and Movant never objected to such admission.  [See Doc. 47 at 9].  Thus, the requirement that Movant be afforded the opportunity to affirm or deny his previous convictions was satisfied in the instant case.  See Ruiz v. United States, 494 F.2d 1, 2 n.2 (5th Cir. 1974) (holding counsel's admission to prior convictions and defendant's acquiescence satisfied requirement that the defendant be afforded the opportunity to affirm or deny previous convictions).[4]

Moreover, even if the Court had specifically so inquired, Movant could not have challenged the validity of his 1998 convictions upon which the Government relied because they occurred more than five years prior to the date the Government filed the information.  See 21 U.S.C. § 851(e).  Thus, any failure by this Court to

---

[4]   Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

AO 72A
(Rev.8/8
2)

ask Movant to affirm or deny his previous convictions was harmless.  See United States v. Weaver, 905 F.2d 1466, 1482 (11th Cir. 1990) (stating that a trial court is not required "to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information"); United States v. Hill, 142 F.3d 305, 312-13 (6th Cir. 1998) (holding district court's failure to ask whether defendant affirmed or denied convictions upon which his sentence was enhanced was harmless error, where defendant raised no challenge to those convictions and was statutorily barred from challenging the validity thereof because they occurred more than five years before the information was filed).  Thus, Movant also has not demonstrated that counsel was ineffective with regard to this issue –i.e., that counsel's failure to argue that the sentence enhancement was improper because Movant was not provided an opportunity to affirm or deny his previous convictions was "outside the wide range of professionally competent assistance" or that there is a reasonable probability that had counsel raised this issue the outcome would have been different. Accordingly, Movant has failed to establish cause to overcome the procedural default with regard to Ground One.

   b.  <u>Ground Two</u>

In Ground Two, Movant argues that the Government lacked federal subject matter jurisdiction because the crimes alleged did not occur on federal land. Article III of the United States Constitution gives the federal judicial branch subject matter jurisdiction over all cases arising under the laws of the United States.  United States v. Gonzalez, 311 F.3d 440, 442 (1st Cir. 2002). Additionally, Congress has given federal district courts this authority over federal criminal cases in the first instance by virtue of 18 U.S.C. § 3231. McCoy v. United States, 266 F.3d 1245, 1252 n.11 (11th Cir. 2001); Gonzalez, 311 F.3d at 442; United States v. Titterington, 374 F.3d 453, 458-59 (6th Cir. 2004);  Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999).

A federal district court has subject matter jurisdiction over a criminal case if the indictment charges that the defendant committed a crime described in Title 18 or in another statute defining federal crimes. Gonzalez, 311 F.3d at 442.  In the instant case, Movant was charged with violating 18 U.S.C. §§ 922(g), 924(c), and 841(a)(1) and 841(b)(1)(D).  Thus, the Government had jurisdiction to prosecute Movant under the indictment and this Court had subject matter jurisdiction over his case.  Movant, therefore, has not demonstrated that counsel was ineffective with regard to this issue –i.e., that counsel's failure to argue that the Court did not

AO 72A
(Rev.8/8
2)

have subject matter jurisdiction was "outside the wide range of professionally competent assistance" or that there is a reasonable probability that had counsel raised this issue the outcome would have been different.  Accordingly, Movant has failed to establish cause for the procedural default with regard to Ground Two.

c.    <u>Ground Three</u>

Movant claims in Ground Three that his trial violated the "Speedy Trial Act" contained at 18 U.S.C. § 3161.  Movant first argues that because he was arrested by DeKalb County police on October 21, 2002, and he was not indicted until February 12, 2003, his indictment violated 18 U.S.C. § 3161(b), which requires that an indictment be filed within thirty days from the date that the individual was arrested or served with a summons in connection with those charges.  That thirty-day period, however, does not commence until formal federal charges are pending. <u>United States v. Blackmon</u>, 874 F.2d 378, 381 (6th Cir. 1989); <u>United States v. Peterson</u>, 698 F.2d 921, 923 (8th Cir. 1982).  Thus, Movant's arrest by DeKalb County police is irrelevant for purposes of the Speedy Trial Act because no federal charges were pending until February 12, 2003.  <u>See</u> <u>United States v. Congdon</u>, 54 F. App'x 636, 638 (9th Cir. 2002) (holding defendant's state arrest for violating

15

state parole did not violate the Speedy Trial Act because those rights were not invoked until the federal government formally charged him).

Movant also claims that his speedy trial rights were violated because his trial did not commence within the seventy-day period set forth in 18 U.S.C. § 3161(c)(1).  That section of the Speedy Trial Act requires that a defendant be brought to trial within seventy days from the later of the filing date of the indictment or the date that the defendant appeared before a judicial officer of the court in which the charge is pending.  The seventy-day period, however, is tolled during the time that pretrial motions are pending.  18 U.S.C. § 3161(h)(1)(F); United States v. Yunis, 723 F.2d 795, 797 (11th Cir. 1984); United States v. Willaman, 437 F.3d 354, 359 (3d Cir.), cert. denied, __ U.S. __ 126 S. Ct. 2902 (Jun. 19, 2006); United States v. Sawyers, 963 F.2d 157, 162 (8th Cir. 1992); United States v. Pena, 920 F.2d 1509, 1516 (10th Cir. 1990).

Here, Movant was arraigned on July 23, 2004, which was later than February 23, 2004, the date that the indictment was filed.  Thus, the seventy-day period began the day after arraignment, or on July 24, 2004.  See Yunis, 723 F.2d at 797 (stating that in calculating includable time for Speedy Trial Act purposes, both the date on which the event occurs or a motion is filed and the date on which

16

the motion is disposed of are excluded).  Movant's counsel filed a motion to suppress on August 5, 2004, after only twelve days of the seventy-day period had elapsed [Doc. 12].  The seventy-day period, therefore, was tolled until the motion was disposed on October 15, 2004, when Movant's counsel withdrew it, and the time period began again the next day on October 16, 2004.  See Yunis, 723 F.3d at 797.  Nineteen more days elapsed before Movant filed another motion to suppress and a motion in limine on November 4, 2004, which again tolled the seventy-day period.  Those motions were decided on November 15, 2004, immediately before the jury trial began.  As such, for purposes of the Speedy Trial Act, only thirty-one days elapsed from the date that Movant was arraigned until his trial, which was well within the requisite seventy-day period.  Movant, therefore, has not demonstrated that counsel was ineffective with regard to this issue –i.e., that counsel's failure to argue that the Speedy Trial Act was violated was "outside the wide range of professionally competent assistance" or that there is a reasonable probability that had counsel raised this issue the outcome would have been different.  Accordingly, Movant has failed to establish cause for the procedural default with regard to Ground Three.

d.     <u>Ground Four</u>

Lastly, Movant claims in Ground Four that his double jeopardy rights were violated because he was convicted and sentenced to two counts involving the same gun.  In Blockburger v. United States, 284 U.S. 299 (1932), the Supreme Court held that the test to be applied to determine whether there are two offenses or only one, is whether each statutory provision allegedly violated requires proof of a fact which the other does not.  Blockburger, 284 U.S. at 304; United States v. Vaughn, 859 F.2d 863, 864 (11th Cir. 1988).  The Blockburger test focuses not on the evidence adduced at trial, but rather on the elements of the offenses charged.  See Brown v. Ohio, 432 U.S. 161, 166 (1977).  Moreover, the same evidence might be used to prove several distinct elements of different crimes without creating a double jeopardy problem.  United States v. Smith, 757 F.2d 1161, 1165 (11th Cir. 1985).  Indeed, "[i]f each [offense] requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes."  Iannelli v. United States, 420 U.S. 770, 785 n.17 (1975).

Under the Blockburger test, it is possible for a single act or transaction to give rise to separate and distinct offenses under separate statutes.  Albernaz v. United States, 450 U.S. 333, 339-40 (1981).  In the context of a single trial,

18

however, the Double Jeopardy Clause protects defendants from being subjected to cumulative punishments for a single offense when the legislature did not intend such cumulative punishment.  <u>Missouri v. Hunter</u>, 459 U.S. 359, 365 (1983); <u>United States v. Gonzalez</u>, Nos . 06-13808, 06-14877, 2007 WL 2214635 at *2 (11th Cir. Aug. 3, 2007).  Thus, "it is unconstitutional to indict a defendant on two charges stemming from one offense absent an indication that Congress intended this charging scheme[.]"  <u>Gonzalez</u>, 2007 WL 2214635 at *2.  <u>See</u> <u>also</u> <u>United States v. Sanchez</u>, 992 F.2d 1143, 1153 (11th Cir. 1993) (stating that the primary double jeopardy question is whether Congress intended that a criminal defendant be sentenced independently for each of two or more statutes).

Here, Movant was convicted of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). Notwithstanding the fact that the same gun was used to prove both charges, each crime requires proof of a different element, and it is clear that Congress intended that a defendant be sentenced independently for each one.  <u>See</u> <u>United States v. Walker</u>, No. 95-5223, 1996 WL 414302 at *2 (4th Cir. July 25, 1996) (holding conviction for possession of a firearm by a convicted felon under § 922(g) and use

19

of a firearm during a crime of violence under § 924(c) did not violate double jeopardy because the crimes do not punish the same conduct); United States v. Lawrence, 928 F.2d 36, 38-39 (2d Cir. 1991) (holding convictions for possession of a firearm under § 922(g) and carrying a firearm during and in relation to a drug trafficking crime do not violate double jeopardy because the statutes make clear that Congress intended to impose cumulative punishments); compare Johnson v. Howard, 963 F.2d 342, 346 (11th Cir. 1992) (holding defendant's state convictions of possession of a pistol after conviction of a crime and carrying that pistol without a license did not violate double jeopardy because each required proof of a separate element). As such, Movant's convictions do not violate the Double Jeopardy Clause merely because the same gun was used to prove both crimes. Movant, therefore, has not demonstrated that counsel was ineffective with regard to this issue –i.e., that counsel's failure to argue that the two charges involving the same gun violated Movant's rights against double jeopardy was "outside the wide range of professionally competent assistance" or that there is a reasonable probability that had counsel raised this issue the outcome would have been different.

20

AO 72A
(Rev.8/8
2)

Accordingly, Movant has failed to establish cause for the procedural default with regard to Ground Four.[5]

III.     Conclusion

For the foregoing reasons, the instant § 2255 motion [Doc. 67] is **DENIED**.


**IT IS SO ORDERED**, this 17th of January 2008.


s/ J. Owen Forrester
_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Consequently, based upon this Court's analysis herein, Movant's claims in Ground Five that he is actually innocent and in Ground Six that counsel was ineffective for failing to raise all of the claims herein are also without merit.

21